**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────

**DENAK DEPOCULUK VE NAKLIYECILIK A.S.,**

     Plaintiff,    08 Civ. 9746 (JGK)

  - against -      **MEMORANDUM OPINION AND ORDER**

**IHX (HK) LTD.**
**a/k/a INTERNATIONAL HANDYMAX CARRIERS,**

     Defendant.
────────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

  The plaintiff, Denak Depoculuk Ve Nakliyecilik A.S. (the "plaintiff"), has submitted a proposed order to dismiss without prejudice its admiralty action against the defendant, IHX (HK) Ltd. a/k/a International Handymax Carriers (the "defendant"). The proposed order would dismiss the action but continue to restrain the attached funds until the conclusion of a London arbitration or earlier resolution of the dispute.

           I.

  The following facts, taken from the Complaint, are undisputed unless otherwise indicated. The plaintiff is a foreign business entity with an office and place of business in Istanbul. (Compl. ¶ 2.) The defendant is a foreign business entity with an office and place of business in China. (Compl. ¶ 3.) The plaintiff was the time charter owner of the vessel M/V M. FARUK, which it chartered to the defendant pursuant to an

NYPE charter party with riders, dated November 16, 2007. (Compl. ¶¶ 2, 4.) The plaintiff alleges that the defendant failed to make the payments due under the charter party and is consequently in breach of contract. (Compl. ¶¶ 12, 13.) The plaintiff has commenced arbitration in London pursuant to the terms of the charter party and expects to recover $156,064.79, including the principal claim, interest, and attorneys' fees and costs. (Compl. ¶¶ 14-15, 17.)

In its Complaint, the plaintiff sought attachment of the defendant's funds pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims, which this Court granted on November 13, 2008. The plaintiff has successfully attached the defendant's funds. The plaintiff has now submitted a proposed order seeking to dismiss the case without prejudice. While the defendant has not appeared in this action, it has indicated in an e-mail to the plaintiff that it is amenable to leaving the funds attached rather than working out the details of alternative security. The plaintiff agrees to leave the funds attached and abide the results of the London arbitration or other resolution.

II.

The purpose of a Rule B attachment is "two-fold: first, to gain jurisdiction over an absent defendant; and second, to

2

assure satisfaction of a judgment." Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 437-38 (2d Cir. 2006) (citing Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 693 (1950)). With respect to its jurisdictional purpose, Rule B is "intended to provide district courts with *quasi-in-rem* jurisdiction over a maritime defendant which is not found within the district because it is not geographically located there and the district court does not otherwise have personal jurisdiction over it." DSND Subsea AS v. Oceanographia, S.A. de CV, 569 F. Supp. 2d 339, 348 (S.D.N.Y. 2008) (internal citations and quotation marks omitted). The Supreme Court, however, has acknowledged the importance of a Rule B attachment in "assur[ing] satisfaction in case the suit is successful." Swift, 339 U.S. at 693.

Accordingly, courts in this and other districts have upheld Rule B attachments whose sole purpose was to provide security for the enforcement of foreign judgments or arbitration awards. See, e.g., Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d 627, 633 (9th Cir. 1982) (holding in the context of a forum selection clause that rather than dismissing an action unconditionally, a district court is not precluded "from ensuring the availability of adequate security in the selected court before dismissing the action"); Pink Goose (Cayman) Ltd. v. Sunway Traders LLC, No. 08 Civ. 2351, 2008 WL 4619880, at *2

(S.D.N.Y. Oct. 17, 2008) ("When a party's primary interest in seeking the attachment is obtaining security to satisfy a judgment, rather than simply to obtain *in personam* jurisdiction, the claim is not premature and the requirements of Rule B(l) are satisfied."); Sea Transport Contractors, Ltd. v. Indus. Chemiques du Senegal, 411 F. Supp. 2d 386, 395 (S.D.N.Y. 2006) (adopting Polar Shipping holding and allowing Rule B attachment in aid of foreign litigation and arbitration); Staronsett Shipping Ltd. v. North Star Nav. Inc., 659 F. Supp. 189, 190-91 (S.D.N.Y. 1987) (adopting the Polar Shipping holding and allowing Rule B attachment to satisfy judgment in action that was transferred on consent to neighboring district); cf. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994) (holding, in context of non-maritime case, that a court may retain jurisdiction to enforce the terms of a settlement contract by explicitly reserving such authority in its order of dismissal); but see SMT Shipmanagement & Transport Ltd. v. Maritima Ordaz C.A., Nos. 00 Civ. 5789, 00 Civ. 6352, 01 Civ. 0013, 2001 WL 930837, at *11-12 (S.D.N.Y. Aug. 15, 2001) (vacating Rule B attachment where writ was properly granted but case was dismissed on forum non conveniens grounds, because "the sole reason for a Rule B attachment is to obtain jurisdiction, whatever other ancillary benefits it may have in terms of providing provisional security for any future judgment").

4

Here, the defendant has not challenged the validity of the Rule B attachment. In fact, both parties would prefer that the funds remain attached until the conclusion of the arbitration. The attachment, while not necessary for purposes of personal jurisdiction, nevertheless effectuates one of the principal purposes of Rule B by providing security for the pending London arbitration. Because the parties are not litigating the underlying dispute in this district, this Court "exercises its jurisdiction only to the extent necessary to ensure that the plaintiff has an adequate remedy," Polar Shipping, 680 F.2d at 633, and dismisses the case without prejudice while retaining jurisdiction over the attached funds.

Accordingly, this action is **dismissed without prejudice** according to the terms of the attached Order. All funds presently under attachment are to remain attached notwithstanding this dismissal. This Court retains jurisdiction over this matter to the extent outlined in the attached Order.

SO ORDERED.

Dated:   New York, New York
         February 25, 2009

_____
John G. Koeltl
United States District Judge